UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC.;
RUSS WHITNEY,

        Plaintiffs,

-vs-                              Case No. 2:04-cv-462-FtM-29SPC

VERIO, INC.,

        Defendant.
_____

## ORDER

This matter comes before the Court on the Defendant Verio, Inc.'s Motion to Dismiss for Lack of Prosecution or Alternatively to Compel Discovery and for Sanctions (Doc. # 39) filed on December 9, 2005. The Defendant moves the Court to: (1) dismiss the action for lack of prosecution on the part of the Plaintiff alleging that the Plaintiff purposefully delayed the depositions of Russ Whitney and the Corporate Representative of Whitney Information Networks (WIN), Ronald Simon. (2) to compel the answers to interrogatories propounded on September 2, 2005, and production of documents requested via e-mail; and (3) for sanctions pursuant to Fed. R. Civ. P. 37 and 28 U.S.C. § 1927.

In addition to the Motion to Compel and for Sanctions, the Defendant also requested an evidentiary hearing on the merits of the Motion. After reviewing the respective Motions, the Court does not believe an evidentiary hearing on the merits of the Motion is required and thus, the request for a hearing is denied.

### *(1) Dismiss the Action for Dilatory Conduct*

Under Fed. R. Civ. P. 37, the Court can dismiss an action for willful or bad faith discovery abuse. Specifically, the Rule reads in relevant part:

> If a party or an officer, director, or managing agent of a party . . . fails (1) to appear before the officer who is to take . . . [a] deposition, after being served with proper notice, or (2) to serve answers or objections to interrogatories . . ., or (3) to serve a written response to a request for inspection . . . , the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

Fed. R. Civ. P. 37(d). The referenced subsection further provides that, where appropriate, a court is authorized to strike pleadings, stay proceedings, dismiss the action or any part thereof, or render a judgement by default against a disobedient party. Fed. R. Civ. P. 37(b)(2)(C).

Rule 37 confers upon district court judges broad discretion to fashion appropriate sanctions for the violation of discovery orders. Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997) (citing Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993) *cert. denied*, 510 U.S. 863, 114 S. Ct. 181, 126 L. Ed. 2d 140 (1993)). However, this discretion is not unbridled. Wouters v. Martin County, 9 F.3d 924, 933 (11th Cir. 1993). Dismissal is an extreme sanction that should only be used as a last resort. Id. Violation of a discovery order caused by simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgement or dismissal. U.S. v. Certain Real Property Located at Route 1, Bryant Alabama, 126 F.3d 1314, 1317 (11th Cir. 1997).

The Defendant argues that the Plaintiff has deliberately delayed the case by unilaterally cancelling depositions, by refusing to schedule depositions, and by refusing to answer discovery. The

Defendant states that after repeated attempts to consult with Plaintiff's counsel to schedule the depositions, the Plaintiff unilaterally set the deposition for Simons on July 29, 2005, and for Whitney on August 5, 2005. The Plaintiff's Counsel asked that the depositions be postponed until a settlement offer could be presented. The depositions were rescheduled to September 22 and 23, 2005. On September 19, Verio contacted the Plaintiff and stated that depositions needed to be rescheduled because Whitney was out of the country, the notices were lost and the office might be closed due to Hurricane Rita. The depositions were rescheduled for October 6, 2005, and October 7, 2005. On October 1, 2005, the Plaintiff contacted the Defendant and stated that the depositions would have to be rescheduled due to the Jewish holidays of Rosh Hashanah which fell on October 4, 2005, and Yom Kippur which fell on October 12, 2005. The Defense counsel argues that neither deposition fell on the dates of the holidays but allowed the cancellations. At this point, the arguments conflict, the Defendant states that they requested new dates but never received them and the Plaintiff argues that they sent proposed dates but that the Defendant never responded.

Based upon the record, there appears to be a pattern of delay on the part of the Plaintiff but no direct evidence of bad faith that would justify dismissal of the action. Furthermore, in Cox v American Cast Iron Pipe Co., the Eleventh Circuit stated the decision to dismiss a claim or enter default judgement is proper only if noncompliance with discovery orders is due to willful or bad faith disregard for those orders. 784 F.2d 1546, 1556 (11th Cir. 1986). No discovery orders have been issued by the Court and thus, the Plaintiff could not have violated court orders compelling discovery as required by Cox. However, the Defendant has a right to depose the Plaintiff and the discovery period will be extended for the limited express purpose of deposing the WIN Corporate

Representative Ronald Simon and the Plaintiff Russ Whitney. All other dates and deadlines will remain the same.

*(2) Compel Answers Interrogatories and Production of Documents Requested Via E-Mail*

Regarding the interrogatories and requested documents, the Plaintiff asserts that the documents have been produced and that the interrogatories were answered on December 23, 2005, when the Plaintiff filed his answer to the instant motion to compel. The Defendant acknowledged receiving the requested documents although they received them after the required date to produce. Thus, the Motion to Compel is now moot in regards to the interrogatories and requested production.

*(3) Sanctions Pursuant to 28 U.S.C. § 1927 and Fed. R. Civ. P. 37*

Under certain circumstance attorney's fees may be awarded pursuant to 28 U.S.C. § 1927. The statute reads in pertinent part:

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Courts have the inherent power to assess attorney's fees and costs as a fine when a losing party has acted in bad faith, vexatiously, wantonly or for oppressive reasons. Kreager v. Solomon & Flanagan, P.A., 775 F. 2d 1541, 1543 (11th Cir. 1985). However, something more than a lack of merit is required to award sanctions for unreasonably and vexatiously multiplying under § 1927. McMahan v. Toto, 256 F.3d 1120, 1129 (11th Cir. 2001).

The plain language of § 1927 sets forth three requirements to justify an imposition of sanctions: (1) an attorney must engage in unreasonable and vexatious conduct; (2) such unreasonable and vexatious conduct must multiply the proceedings; (3) the amount of the sanction cannot exceed

the costs occasioned by the objectionable conduct. Id. at 1128. In determining the propriety of a bad faith fee award, the inquiry focuses on the conduct and motive of the party filing the motion rather than on the validity of the case. Id.

Having previously determined that the Plaintiff has engaged in some dilatory conduct, but not conduct sufficient to rise to the level of bad faith, the Court does not find that the Plaintiff's conduct justifies sanctions under § 1927.

In addition to sanctions pursuant to § 1927, the Defendant also moves for sanctions pursuant to Fed. R. Civ. P. 37. Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991). At this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and sanctions under Fed. R. Civ. P. 37.

Accordingly, it is now

**ORDERED:**

The Defendant Verio, Inc.'s Motion to Dismiss for Lack of Prosecution or Alternatively to Compel Discovery and for Sanctions (Doc. # 39) is **GRANTED in part and DENIED in part.** The Motion to Compel the Depositions of Russ Whitney and Ronald Simon as the Corporate Representative of WIN is **GRANTED**. The Motion is otherwise **DENIED**. The Parties have up to and including **January 13, 2006**, to inform the Court of the **Date, Place and Time** of the scheduled depositions. In addition, the depositions of the Plaintiff Russ Whitney and Ronald Simon as the Corporate Representative of WIN, must be completed by **January 27, 2006.** Failure to agree to

<u>a date, time, and place by January 13, 2006, will result in the Court setting the date time and place by Court Order.</u>

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of January, 2006.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
All Parties of Record