UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WHITNEY INFORMATION NETWORK, INC.;
RUSS WHITNEY,

                 Plaintiffs,

vs.                                 Case No.  2:04-cv-462-FtM-29SPC

VERIO, INC.,

                 Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion for Partial Summary Judgment and Incorporated Memorandum of Law (Doc. #36) filed on December 5, 2005.  Plaintiffs requested an extension of time to file a response to the Motion on December 23, 2005.  (Doc. #41).  The Court granted the extension, and instructed plaintiffs to file its response on January 6, 2006.  (Doc. #43). Plaintiffs, however, failed to file a response, and the time to do has expired.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party.  Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, the Court is required to consider the evidence in the light most favorable to the nonmoving party. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000); Jaques v. Kendrick, 43 F.3d 628, 630 (11th Cir. 1995)

**II.**

Viewed in the light most favorable to plaintiffs, the summary judgment facts are as follows: Plaintiff Russ Whitney, a resident of Lee County, Florida, created plaintiff Whitney Information

Network, Inc. ("WIN")(collectively, plaintiffs), a foreign corporation with its principal place of business in Lee County, Florida. WIN provides post-secondary educational and training products and services in the areas of real estate investing, business development, financial investment and asset protection. WIN has pending service mark applications for "Russ Whitney" and "Whitney" with the United States Patent and Trademark Office.

Defendant Verio Inc. (defendant or "Verio") is a foreign corporation with its principal place of business in Colorado. Verio provides web hosting services to third parties. John T. Reed used Verio's web hosting services to host his website with the domain name www.johntreed.com. Plaintiffs and Reed operate competing websites which provide products and services relating to financial investments.

In January 2002, plaintiffs became aware that Reed's website included plaintiffs' alleged trademarks. Plaintiffs further claim that the use of these alleged trademarks caused confusion and directed potential customers to Reed's website instead of plaintiffs' website. Additionally, plaintiffs assert that Reed's website included defamatory statements about plaintiffs.

In March 2003, plaintiffs informed Verio of the content on Reed's website, however, Verio did not remove Reed's website from its Verio's server. Plaintiffs then filed an action alleging the following causes of action: (1) violation of § 43 of the Lanham Act (Count I); (2) common law trademark infringement (Count II); (3)

tortious interference with a business relationship (Count III); and (4) defamation (Count IV). Defendant moves for partial summary judgment as to Counts III and IV.

### **III**.

Defendant contends that it is immune from Counts III and IV pursuant to the Communication Decency Act ("CDA"), 47 U.S.C. § 230. The Court agrees.

Section 230 of the CDA provides, in part, that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). In addition, the CDA preempts any inconsistent state or local law. See Zeran v. America Online, Inc., 129 F.3d 327, 330 (4th Cir.1997), cert. denied, 524 U.S. 937 (1998); see also Cisneros v. Sanchez, No. Civ. B-05-259, __ F. Supp. 2d __, 2005 WL 3312631, *2 (S.D. Tex. Dec. 7, 2005); 47 U.S.C. § 230(e)(3). As a result, the CDA "creates a federal immunity to any cause of action that would make service providers liable for information originating with a third-party user of the service." Zeran, 129 F.3d at 330; see also Ben Ezra, Weinstein, and Co., Inc. v. America Online Inc., 206 F.3d 980, 954-85 (10th Cir. 2000).

Immunity from state law claims under § 230 requires that: (1) defendant be a service provider or user of an interactive computer service; (2) the cause of action treats a defendant as a publisher or speaker of information; and (3) a different information content

-4-

provider provided the information.  See Corbis Corp. v. Amazon.com, Inc., 351 F. Supp. 2d 1090, 1118 (W.D. Wash. 2004); see also 47 U.S.C. § 230(c)(1); Ben Ezra, 206 F.3d at 985-86.  "The term 'interactive computer service' means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions."  47 U.S.C. § 230(f)(2).  The statute further defines the term "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other inactive computer service."  47 U.S.C. § 230(f)(3).

In this case, the Court finds that Verio is entitled to the statutory immunity under § 230 of the CDA.  First, the Court considers Verio a provider or a user of an interactive computer service.  Verio stores website information which can be accessed by multiple users through their computers on the Internet.  Moreover, the information is stored on Verio's own server.  Thus, the Court concludes that Verio provides or uses interactive computer service within the CDA definition.

Second, Counts III (tortious interference with business relationship) and IV (defamation) are state law claims which attempt to treat Verio as the publisher of the alleged offending

statements against plaintiffs.  Such state law claims against the provider or the user of an interactive computer service are considered inconsistent with the CDA, and thereby are preempted. See Zeran, 206 F.3d at 330 (holding that the CDA barred plaintiff's suit seeking to hold AOL liable for defamatory speech initiated by a third party); see also Ben Ezra, 206 F.3d at 986 (finding that AOL was immune to the defamation claim under the CDA); Corbis, 351 F. Supp. 2d at 1118 n.17 (recognizing that plaintiff's tortious interference with business relationships claims against the provider of interactive computer service was barred by the CDA); PatentWizard, Inc. v. Kinko's, Inc., 163 F. Supp. 2d 1069, 1071 (D.S.D. 2001)(concluding that the CDA immunity extends to Kinko's and bars plaintiffs' defamation and tortious interference with prospective business relationships claims).

Third, the Court finds that John T. Reed falls under the definition of an "information content provider."  The alleged statements were located on the website of Reed, who was responsible for the contents.  Moreover, other than the website hosting activity, Reed and Verio were not otherwise affiliated.  The record reflects that Verio hosted Reed's website, and that Verio did not create any of the alleged statements on that particular website. Additionally plaintiffs have not provided any evidence disputing these material facts.  Therefore, the Court concludes that Verio satisfied the standard for federal immunity under the CDA, and that plaintiffs state law claims for tortious interference with business

relationships and defamation are barred by the CDA.  The Motion for Partial Summary Judgment as to Counts III and IV is due to be granted.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Partial Summary Judgment and Incorporated Memorandum of Law (Doc. #36) is **GRANTED,** and judgment will be entered in favor of defendant and against plaintiffs as to Counts III and IV.  The Clerk of the Court shall withhold entry of judgment until the conclusion of the case.

**DONE AND ORDERED** at Fort Myers, Florida, this __11th__ day of January, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record